This indictment against the defendant was in the following words, viz.:
STATE OF NORTH CAROLINA, ) Superior Court of Law,) ss. MACON COUNTY. ) Fall Term, 1839.
The jurors for the State upon their oath present, that William Stalcup is one of the constables of the county of Macon, and that John Wilson is one of the justices of the peace for said county, and (10) that the said John Wilson, so being one of the justices of the peace of said county, on 20 May, 1839, did duly issue an execution to any lawful officer of said county, and the said execution being directed and delivered to the said William Stalcup by the said John Wilson, justice as aforesaid, and he, the said justice, having competent power and authority to issue said execution, and the said William Stalcup, by virtue of the said execution, commanding him to execute and sell as much of the goods and chattels of the said Isaac Morrison as will make the sum $29 principal, and 94 cents interest, and 40 cents costs, did seize and take into his possession, by virtue of the aforesaid execution, one sorrel studhorse, the property of the said Isaac Morrison, on 20 May, 1839; and the jurors aforesaid, upon their oath aforesaid, do further present, that the said William Stalcup, so being in the lawful possession of the horse aforesaid, by virtue of his office and the aforesaid execution, *Page 12 
on 21 May, in the year of our Lord one thousand eight hundred and thirty-nine, the said Isaac Morrison, in the county aforesaid, on the day and year last aforesaid, with force and arms in the county aforesaid, in and upon the said William Stalcup, there and then being constable as aforesaid, and then and there lawfully having the said horse aforesaid in his custody by virtue of the said execution, for the cause aforesaid, in the due execution of his office then and there being, did make an assault, and him, the said William Stalcup, then and there did beat and bruise, and ill treat, to his great damage; and the said Isaac Morrison took the said sorrel studhorse out of the custody of the said William Stalcup, and against the will of him, the said William Stalcup, then and there unlawfully and forcibly did rescue and take from and out of the possession of said William Stalcup, and against the will of him, the said William Stalcup, there and then unlawfully and forcibly did rescue, to the great hindrance of public justice, in contempt of the laws of the State, to the evil example of all others in like cases offending, and against the (11) peace and dignity of the State. J. W. GUINN, Solr.
The defendant having appeared at Fall Term, 1841, moved to quash the indictment, which motion was overruled. He then entered the plea of not guilty; and the jury found him "Guilty in manner and form as charged in the bill of indictment." The defendant's counsel then moved in arrest of judgment, which motion was also overruled, and the court proceeded to pass judgment, from which the defendant appealed to the Supreme Court.
The only question presented in this case is whether the indictment be sufficient in law to warrant the judgment which has been pronounced upon it. The averments in the indictment, with respect to the issuing by the magistrate and the delivery to the constable of the execution under which the defendant's horse was seized, and which horse he is charged to have forcibly rescued, are not set forth with critical precision; but whether, on that account, these averments are uncertain and bad, it is unnecessary for us to consider; for, if they be, the indictment nevertheless contains a distinct charge of assault and battery, to which no exception can be taken. The verdict finds the defendant guilty in manner and form as charged in the indictment, and, of consequence, guilty of the assault and battery therein contained. If all the *Page 13 
averments so questioned be as exceptionable as is supposed, they may be rejected as superfluous and immaterial, and enough will remain to warrant the judgment.
PER CURIAM. Affirmed.
Cited: S. v. Baker, 63 N.C. 281; S. v. Cross, 106 N.C. 651; S. v.Toole, ib., 740; S. v. Brady, 107 N.C. 824.
(12)